## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CAPITOL SPECIALTY INSURANCE CORPORATION, 9 Farm Springs Road Farmington, CT 06032, | ) ) ) ) ) ) | COMPLAINT FOR DECLARATORY JUDGMENT AND MONEY JUDGMENT |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SANFORD, WITTELS & HEISLER, LLP 1666 Connecticut Avenue, NW Suite 310 Washington, D.C. 20009; and | ) ) ) ) ) ) | Civil Action No. _____ |
| DAVID SANFORD 1666 Connecticut Avenue, NW Suite 310 Washington, D.C. 20009, | ) ) ) ) ) | |
| Defendants. | ) ) | |

### CAPITOL SPECIALTY INSURANCE CORPORATION'S
### COMPLAINT FOR DECLARATORY JUDGMENT AND MONEY JUDGMENT

Plaintiff Capitol Specialty Insurance Corporation ("CSIC") for its Complaint for Declaratory Judgment and Money Judgment, alleges on knowledge, information and belief as follows:

### Nature of the Action

1.     CSIC brings this action to obtain a judicial determination and declaration as to the parties' respective rights, duties and obligations under Lawyers Professional Liability Policy No. 0303-7637 issued by CSIC to Sanford, Wittels & Heisler, LLP (the

"Firm") for the **Policy Period**[1] of December 10, 2007 to December 10, 2008 (the "Policy") and to obtain a money judgment.  A true and correct copy of the Policy (except for the application) is attached hereto as Exhibit A.

2.      An actual and justiciable controversy has arisen and now exists relating to the parties' respective rights, duties, and obligations under the Policy.

3.      CSIC seeks a declaration that the Policy does not provide a defense or indemnity coverage for the **Claims** asserted against the Firm and one of its attorneys, David Sanford, in the class action lawsuit styled *Howard v. Sanford, Wittels & Heisler, LLP* in the Superior Court of the District of Columbia, Civil Division (the "*Howard* Malpractice Action").  CSIC also seeks a determination that it is entitled to recover any **Claim Expenses** it has paid on behalf of the **Insureds** in connection with the *Howard* Malpractice Action, and a money judgment in that amount.  A true and correct copy of the Complaint in the *Howard* Malpractice Action is attached hereto as Exhibit B.

### Parties

4.      Plaintiff CSIC is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business located in Appleton, WI. CSIC legally transacts insurance business in the District of Columbia and within the geographical jurisdiction of the United States District Court for the District of Columbia.

5.      Defendant Firm is a law firm organized and existing under the laws of the State of New York.  The Firm has an office located at 1666 Connecticut Avenue NW, Suite 310, Washington, D.C., where it regularly transacts business.

6.      Defendant David Sanford ("Sanford") is affiliated with the Firm and is

---

[1] Terms in bold-faced type in this Complaint are defined in the Policy and carry the same meaning herein.

licensed to practice law in the District of Columbia.

## Jurisdiction and Venue

7.     This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Federal Rules of Civil Procedure Rule 57, for the purposes of determining a question of actual controversy between the parties as hereinafter more fully appears.

8.     This action is currently ripe for adjudication.

9.     The court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10.     Venue is proper in this court pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to this dispute occurred in this District.

## FACTUAL ALLEGATIONS

### The Events Leading to the *Howard* Malpractice Action

11.     The *Howard* Malpractice Action arises out of the Firm's representation of a purported class of individuals claiming racial discrimination by their employers at the Department of Commerce ("Commerce").  Specifically, on October 5, 2005, the Firm filed the suit styled, *Howard v. Gutierrez*, Case No. 05-cv-01968, on behalf of the alleged class in the United States District Court for the District of Columbia alleging violations of Title VII of the Civil Rights Act of 1964 (the "Underlying Employment Action").  The *Howard* Malpractice Action alleges that the Firm committed legal malpractice in connection with its handling of the Underlying Employment Action.  A true and correct copy of the complaint in the Underlying Employment Action is attached hereto as Exhibit C.

12.     The Firm framed the Underlying Employment Action as a class action, with Janet Howard and others acting as class representatives.  According to Local Rule 23.1(b), the Firm had 90 days from the date of filing the complaint to file for class certification.  The Firm failed to do so within the prescribed period.

13.     On March 17, 2006, Commerce made a motion to strike all class claims, arguing that the Firm had exceeded the 90-day filing deadline for class certification.  A true and correct copy of Commerce's motion to strike is attached hereto as Exhibit D.

14.     On June 23, 2006, the Firm filed a motion to extend the deadline to file for class certification.  A true and correct copy of the Firm's motion to extend the deadline is attached hereto as Exhibit E.

15.     On February 6, 2007, the court entered an order granting Commerce's motion to strike all class claims.  In so doing, the court stated that Local Rule 23.1(b) is strictly applied.  Additionally, the court stated that the Firm was on notice of its failure to comply with the rule as early as March 2006, when Commerce first filed its motion to strike the class claims.  Despite this notice, the court stated, the Firm still waited another three months before seeking an extension of the deadline.  In the opinion, the court stated that "this Court wonders why a party acting diligently and in good faith would wait three additional months after being alerted to a missed deadline before attempting to mitigate the error."  A true and correct copy of the court's February 6, 2007 opinion is attached hereto as Exhibit F.

16.     On February 21, 2007, the Firm filed a motion to reinstate the class claims, or alternatively, to certify the question for interlocutory appeal.  The Firm attached to the motion as Exhibit One the Declaration of David Sanford.  In the

Declaration, Sanford stated that the Firm had "inadvertently neglected to file a motion within 90 days of the original Class Complaint for class certification or a motion for extension of time." Sanford explained this mistake as being a result of the Firm's small D.C. office being busy, and due to the resignation of the associate assigned to the Commerce discrimination matter shortly before the Firm filed the initial complaint. A true and correct copy of the Firm's motion (including Sanford's Declaration) is attached hereto as Exhibit G.

17.     On September 7, 2007, the court denied the Firm's motion to reinstate the class or, alternatively, to certify the question for interlocutory appeal. In its order, the court characterized Sanford's Declaration statements as "post-hoc rationalizations" that did not change the fact that "plaintiffs have no excuse beyond attorney mistake for their failure to file a timely motion for class certification." A true and correct copy of the court's September 7, 2007 order is attached hereto as Exhibit H.

18.     On January 21, 2010, Janet Howard, Joyce E. Megginson, and Tanya Ward Jordan filed the *Howard* Malpractice Action in the Superior Court of the District of Columbia. The *Howard* Malpractice Action alleges that Sanford and the Firm breached their professional duties to and their contract with the alleged class of plaintiffs in the Underlying Employment Action by failing to comply with the filing deadline for class certification, resulting in the loss of the class claims as well as emotional losses. For each of the two counts asserted in the *Howard* Malpractice Action, breach of professional duties and breach of contract, the plaintiffs seek judgment in the amount of $25 million, plus attorneys' fees, costs and whatever remedies the Court shall deem just and proper.

### The CSIC Policy and Application

19.     CSIC issued the Policy, which is a claims-made-and-reported policy, to

the Firm for the **Policy Period** beginning December 10, 2007 and ending December 10, 2008. This Policy is the first policy issued by CSIC to the Firm that was continuously renewed. The Firm also had a policy with CSIC for the 2004-2005 policy period, but that policy was not renewed.

20.     The Policy includes a $7 million per claim limit of liability and a $7 million aggregate limit of liability, inclusive of **Claim Expenses**. The Policy also has a $100,000 per claim retention for the **Policy Period**.

21.     Subject to all of its terms and conditions, the Policy provides that CSIC will pay on behalf of its **Insureds**:

> all amounts in excess of the retention shown in the Declarations that an **Insured** becomes legally obligated to pay as **Damages** and **Claim Expenses** because of a **Claim** that is made and reported to the **Company** during the **Policy Period** or any extended reporting period.

Policy, Insuring Agreement, § I.A.

22.     The Policy provides that CSIC's duty to pay sums on behalf of its **Insureds** is subject to the condition that the act or omission occurred:

1.      during the **Policy Period**; or

2.      prior to the **Policy Period**, provided that all of the following three conditions are met:

>    (a)     the **Insured** did not notify any prior insurer of such act or omission or **Related Act or Omission**; and
>
>    (b)     *prior to the inception date of the first policy issued by the* ***Company*** *if continuously renewed, no* ***Insured*** *had any basis (1) to believe that any* ***Insured*** *had breached a professional duty; or (2) to foresee that any such act of omission or* ***Related Act or Omission*** *might reasonably be expected to be the basis of a* ***Claim*** *against any* ***Insured***; *and*
>
>    (c)     there is no policy that provides insurance to the **Insured** for such liability or **Claim**.

Policy, Insuring Agreement, § I.A. (italic emphasis added).

23.   The Policy defines "**Insured**" in relevant part to mean:

    1.   **Named Insured;**

    2.   any lawyer or professional corporation listed in the application on the day the **Policy Period** incepts …

Policy, Definitions, § IV.G.

24.   The Policy defines "**Named Insured**" to mean "the entity named in Item 1 of the Declarations." Policy, Definitions, § IV.J.

25.   The Firm [Sanford Wittels & Heisler, LLP] is listed as the "**Named Insured**" in Item 1 of the Declarations page of the Policy and Sanford is listed in Supplement 1 to the **Application**, which identifies the Firm's lawyers.

26.   In order to obtain the Policy, the Firm completed an **Application** for Lawyers Professional Liability Insurance (the "**Application**"), which Firm partner Jeremy Heisler signed on November 1, 2007.  A true and correct redacted copy of the **Application** is attached hereto as Exhibit I.  The **Application** has been redacted to avoid disclosing confidential information regarding the Firm, but CSIC has no objection to the Firm submitting to the Court all or any other portion of the **Application**.

27.   In Question 6(b), the **Application** asked:

After enquiry, are any persons listed in Supplement 1 aware of any circumstances, allegations, tolling agreements or contentions as to any incident which may result in a claim being made against the Applicant or any of its past or present Owners, Partners, Shareholders, Corporate Officers, Associates, Employed Lawyers, Contract Lawyers or Employees or its predecessors in business?

28.   The Firm answered "no" to Question 6(b).

29.   Above the signature line, the **Application** states:

The Applicant declares and warrants that, after enquiry, to the best knowledge of all persons to be insured the statements set forth herein and in any attachments made hereto are true and no material facts have been surpressed omitted or misstated.  Underwriters reserve the right to deny or rescind coverage on any Policy that is issued as a result of this Application if, in the statements set forth herein and in any attachment made hereto it is found that material information has been omitted, surpressed or misstated. …

30.     The Firm provided CSIC with a Warranty Statement on December 6,

2007, which stated:

...after diligent inquiry of all attorneys proposed for this insurance, [Applicant] warrants that as of **December 6, 2007**, all claims or suits, as well as facts, incidents, circumstances, acts, errors or omissions that could give rise to a claim have been reported to our previous insurance carriers.

It is also warranted that after diligent inquiry of all attorneys proposed for this insurance, that as of **December 6, 2007** the *Applicant is not aware of any claims or suits, or any facts, incidents, circumstances, acts, errors or omissions that could give rise to a claim against any attorney of the firm, the firm or its predecessors*.

…

Further, **Sanford Wittels & Heisler, LLP** acknowledges that *no coverage will be available under insurance placed by Darwin Professional Underwriters, Inc. for any claim, suit, incident, or other circumstance which should have been disclosed.*

(italic emphasis added). A true and correct copy of the Warranty Statement is attached

hereto as Exhibit J.

31.     CSIC has advised the Firm and Sanford that it is handling and providing a

defense for the *Howard* Malpractice Action under a reservation of rights and that it does

not believe coverage is available for the *Howard* Malpractice Action because (i) at least

one **Insured** had a "basis (1) to believe that any **Insured** had breached a professional

duty; or (2) to foresee that any such act or omission or **Related Act or Omission** might

reasonably be expected to be the basis of a **Claim**" prior to the December 10, 2007

inception date of the Policy, and (ii) the Firm failed to disclose this matter as a potential

**Claim** in its **Application** and related Warranty Statement.

<u>**COUNT I**</u>

**For A Declaration That There Is No Coverage For The *Howard* Malpractice Action
<u>Because The Condition Precedent to Coverage Stated In Section I.A.2 Of The Policy
Is Not Satisfied</u>**

32.     CSIC realleges and incorporates by reference herein the allegations of

Paragraphs 1 through 31 of this Complaint.

33.     As set forth above, Section I.A.2 of the Policy establishes, as a condition

precedent to coverage, that no **Insured** had any basis to believe, prior to the inception

date of the Policy, that "any **Insured** had breached a professional duty" or that any "act

or omission or **Related Act or Omission** might reasonably be expected to be the basis of

a **Claim** against any **Insured**."

34.     The inception date of the Policy is December 10, 2007, and the Policy is

not a renewal of any prior policy issued by CSIC or any related company to the Firm.

35.     As set forth in detail above, prior to December 10, 2007, the Firm knew

that (i) it had failed to file a timely motion to certify the class for the plaintiffs in the

Underlying Employment Action; (ii) on March 17, 2006, Commerce had filed a motion

to strike the class claims due to the Firm's failure to timely file for class certification; (iii)

on February 6, 2007, the court had entered an order striking all class claims, citing the

Firm's failure to comply with the filing deadline as the cause, and chastising the firm for

a lack of diligence; and (iv) on September 7, 2007, the court had denied the motion to

reinstate the class or certify the question for interlocutory appeal.  Furthermore, on

February 21, 2007, the Firm had filed Sanford's Declaration admitting its mistake in

failing to comply with the 90-day deadline after filing the initial complaint.

36.     Accordingly, the Firm and Sanford had a basis to believe, prior to the inception date of the Policy, both that an **Insured** had breached a professional duty *and* that an **Insured** had committed acts or omissions that might reasonably be expected to be the basis of a **Claim.**

37.     Under these circumstances, the condition precedent to coverage stated in Section I.A.2 of the Policy is not satisfied and therefore the Policy does not provide coverage for the *Howard* Malpractice Action.

38.     By reason of the foregoing, CSIC is entitled to a judgment declaring that the Policy provides no defense or indemnity coverage for the **Claims** that have been or could be asserted by the plaintiffs in the *Howard* Malpractice Action.

**COUNT II**

**For A Declaration That There Is No Coverage For The Claims
Asserted In The *Howard* Malpractice Action Based On The
Warranty Statement And The Application**

39.     CSIC realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 31 of this Complaint.

40.     As set forth above, the Firm represented to CSIC in response to Question 6(b) of the November 1, 2007 **Application** that no attorney in the Firm was aware of "any circumstances, allegations, tolling agreements, or contentions as to any incident which may result in a claim being made against the Applicant."

41.     Furthermore, in connection with the **Application**, on December 6, 2007, the Firm presented CSIC with a Warranty Statement in which the Firm acknowledged that no coverage would be available for "any claim, suit, incident, or other circumstance which should have been disclosed."

42.     As set forth in detail above, prior to November 1, 2007, the Firm was aware that (i) it had failed to file a timely motion to certify the class for the plaintiffs in the Underlying Employment Action; (ii) on March 17, 2006, Commerce had filed a motion to strike the class claims due to the Firm's failure to timely file for class certification; (iii) on February 6, 2007, the court had entered an order striking all class claims, citing the Firm's failure to comply with the filing deadline as the cause, and chastising the firm for a lack of diligence; and (iv) on September 7, 2007, the court had denied the motion to reinstate the class or certify the question for interlocutory appeal. Furthermore, on February 21, 2007, the Firm had filed Sanford's Declaration admitting its mistake in failing to comply with the 90-day deadline after filing the initial complaint.

43.     Accordingly, the Firm and Sanford were aware, prior to the November 1, 2007 date of the **Application**, that there existed circumstances, allegations or contentions as to an incident which might result in a **Claim** against the Firm.

44.     By reason of the foregoing, the Firm is entitled to a judgment declaring that, based on the Warranty Statement and the failure to disclose a potential **Claim** in the **Application**, the Policy provides no defense or indemnity coverage for the **Claims** that have been or could be asserted by the plaintiffs in the *Howard* Malpractice Action.

## COUNT III

### For Recovery Of The Claim Expenses Advanced To The Firm In Connection With the *Howard* Malpractice Action

45.     CSIC realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 44 of this Complaint.

46.     Because there is no defense or indemnity coverage for the **Claims** that have been or could be asserted by the plaintiffs in the *Howard* Malpractice Action, any

- 11 -

**Claim Expenses** advanced under the Policy constitute unjust enrichment to which the Firm and Sanford are not entitled.

47.    CSIC is therefore entitled to a money judgment in the amount of the **Claim Expenses** that were unjustly received in connection with the *Howard* Malpractice Action **Claims**.

## PRAYER FOR RELIEF

WHEREFORE, CSIC requests that the Court enter judgment in its favor, and more specifically:

A.    Enter judgment declaring that because the condition precedent to coverage stated in Section I.A.2 of the Policy is not satisfied the Policy provides no defense or indemnity coverage for the **Claims** that have been or could be asserted by the plaintiffs in the *Howard* Malpractice Action,

B.    Enter judgment declaring that, based on the Warranty Statement and the failure to disclose a potential **Claim** in the **Application**, the Policy provides no defense or indemnity coverage for the **Claims** that have been or could be asserted by the plaintiffs in the *Howard* Malpractice Action,

C.    Award CSIC a money judgment in the amount of the **Claim Expenses** paid by CSIC on behalf of the Firm and Sanford in connection with the *Howard* Malpractice Action **Claims**, and

D.    Award CSIC all other relief to which it may be entitled.

Respectfully submitted,

WILEY REIN LLP

By: Richard A. Simpson by BLE
Richard A. Simpson
D.C. Bar No. 411893
Marc E. Rindner
D.C. Bar No. 461250
1776 K Street NW
Washington, DC 20006
TEL: 202.719.7000
FAX: 202.719.7049

Attorneys for Plaintiff Capitol Specialty
Insurance Corporation

Dated: December 8, 2010